IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH
CAROLINA Civil Action No. 3:26-cv-484

| | |
|---|---|
| M STREET CONDOMINIUM ASSOCIATION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, <br><br> Defendant. | **NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Travelers Casualty Insurance Company of America ("Travelers"), by and through undersigned counsel, hereby removes this action from the Superior Court Division of the North Carolina General Court of Justice, in and for Mecklenburg County, to the United States District Court for the Western District of North Carolina. In support thereof, Defendant states as follows:

1. This case was originally filed in the Superior Court Division of the North Carolina General Court of Justice, in and for Mecklenburg County, on April 28, 2026, under the name and style of *M Street Condominium Association, Inc. v. Travelers Casualty Insurance Company of America*, Case No. 26CV023604-590 (*See* true and accurate copies of the Civil Summons and Complaint, attached as **Exhibits 1 and 2** respectively). Because Mecklenburg County is situated within this district, this Court is the proper venue for removal. *See* 28 U.S.C. § 1446(a).

2. On April 30, 2026, Plaintiff filed an Amended Complaint in the Superior Court Division of the North Carolina Court of Justice, in and for Mecklenburg County. (*See* a true and accurate copy of the Amended Complaint, attached as **Exhibit 3** respectively).

1

3. On May 1, 2026, the North Carolina Department of Insurance ("DOI") received and accepted a copy of the Civil Summons and Complaint. (*See* a true and accurate copy of the Service of Process dated May 7, 2026, attached hereto as **Exhibit 4**).

4. On May 7, 2026, the DOI mailed copies of the Civil Summons and Complaint to Travelers. *Id.*

5. Travelers received copies of the Civil Summons and Complaint from the DOI on May 20, 2026. (*See* a true and accurate copy of the USPS Tracking Information, attached hereto as **Exhibit 5**). Accordingly, Travelers' time to remove has not yet expired. *See* 28 U.S.C. § 1446(b)(1); *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 393–94 (4th Cir. 2018) (finding that 30-day removal deadline does not start until the insurer actually receives the Summons and Complaint).

6. Plaintiff has not served the Amended Complaint on Travelers.

### JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332

7. This Court has subject matter jurisdiction over this controversy under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00 and there is complete diversity among Plaintiff and Travelers.

### I. Complete Diversity of Citizenship Exists

8. Plaintiff M Street Condominium Association, Inc. is a citizen of North Carolina. (*See* Ex. 3 at ¶ 1).

9. Defendant Travelers is an insurance company organized and existing under the laws of the State of Connecticut, with its principal office located in Connecticut. Therefore, Travelers is a citizen of Connecticut. (Ex. 3 at ¶ 2).

10. Thus, because the parties to this action are citizens of different states, complete diversity exists.

## II. The Amount in Controversy Exceeds $75,000

11. As stated above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12. The Amended Complaint alleges that Travelers breached its contract with Plaintiff and Plaintiff has been damaged in an amount in excess of twenty-five thousand dollars ($25,000) as a result of that breach. (Ex. 3 at ¶ 23).

13. Plaintiff's Amended Complaint also alleges that Travelers violated N.C.G.S. 58-63-15 and that Travelers' actions and/or omissions constitute unfair and deceptive trade practices, and that, as a result, Plaintiff is entitled to recover an amount in excess of twenty-five thousand dollars ($25,000), as well as treble damages and attorney's fees. (Ex. 2 at ¶¶ 25-34).

14. Plaintiff's Amended Complaint further alleges that Travelers' alleged conduct constitutes bad faith and that as a result of the alleged bad faith acts and omissions of Travelers, Plaintiff "has been damaged in an amount in excess of twenty-five thousand dollars ($25,000.00), and is entitled to recover punitive damages." (Ex. 3 at ¶¶ 36-42).

15. When determining the amount in controversy, "the district court should consider any special or punitive damages, such as treble damages" available under state unfair trade practices statutes. *R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc.*, 23 F. App'x 141, 145 n.3 (4th Cir. 2001) (per curiam); see also *Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983).

16. In *McDonald v. Automoney, Inc.*, this Court stated "[i]f the amount in controversy is unclear on the face of the initial pleading, including where 'the State practice either does not

permit demand for a specific sum **or permits recovery of damages in excess of the amount demanded[,]**' the defendant may assert the amount in controversy in the Notice of Removal." 2021 U.S. Dist. LEXIS 228681, at *4-5 (*citing* 28 U.S.C. § 1446(c)(2))(emphasis added).

17.     Likewise, in *Canon v. Automoney, Inc.*, this Court stated,

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
>
> > (i) nonmonetary relief; or
> >
> > (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

2020 U.S. Dist. LEXIS 103433, at *7-8 (*citing* 28 U.S.C. § 1446(c)(2) and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014).

18.     Plaintiff sent a Demand Letter to Travelers on April 9, 2026, in which Plaintiff demanded payment in the amount of $409,343.47 to settle the claim, which further establishes, by a preponderance of the evidence, that Plaintiff's claimed damages exceed $75,000.00. (*See* Plaintiffs' Pre-litigation Demand Letter, dated April 9, 2026, a true and accurate copy is attached hereto as **Exhibit 6**).

19.     Accordingly, the amount in controversy requirement under 28 U.S.C. § 1332 is satisfied.

## **CONCLUSION**

4

20.     As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C §§ 1332 and 1441.

21.     Pursuant to 28 U.S.C. § 1441(a), this Court is the proper venue for removal because it is the district embracing the place where the originally filed State Action is pending.

22.     Pursuant to 28 U.S.C. § 1446(a), the Civil Summons is attached as **Exhibit 1**, the Complaint is attached as **Exhibit 2**, and the Amended Complaint is attached as **Exhibit 3**.

23.     All documents associated with Case No. 26CV023604-590 of which Travelers is aware are attached hereto.

24.     Travelers reserves all defenses based on personal jurisdiction, sufficiency of service of process, sufficiency of process, and any other defenses available under Rule 12(b) of the Federal Rules of Civil Procedure.

25.     Pursuant to 28 U.S.C. § 1446(d), notice of this removal will be promptly filed with the clerk of the Superior Court for Mecklenburg County, and served on the other parties to this action forthwith.

Respectfully submitted, this the 18th day of June, 2026.

/s/ *Tyler C. Radtke*
Rachel E. Keen (N.C. State Bar No. 27777)
Tyler C. Radtke (N.C. State Bar No. 46347)
Womble Bond Dickinson (US) LLP
One West Fourth Street, 12th Floor
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
Email: rachel.keen@wbd-us.com
Email: tyler.radtke@wbd-us.com

*Attorneys for Defendant*

5

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he is the attorney at law licensed to practice in the State of North Carolina, is the attorney for Defendant in this matter, and is person of such age and discretion as to be competent to serve process.

That on June 18, 2026, he served a copy of the foregoing **NOTICE OF REMOVAL** via email to the following:
.

> Charles Gowland (N.C. Bar No. 41824)
> Morgan Law Group
> 8024 Glenwood Ave., Ste. 305
> Raleigh, North Carolina 27612
> Telephone: (984) 468-7918
> Email: cgowlandpleadings@morganlawgroup.net
>
> *Attorney for Plaintiff*

> /s/ *Tyler C. Radtke*
> Rachel E. Keen (N.C. State Bar No. 27777)
> Tyler C. Radtke (N.C. State Bar No. 46347)
> Womble Bond Dickinson (US) LLP
> One West Fourth Street, 12th Floor
> Winston-Salem, NC 27101
> Telephone: (336) 721-3600
> Facsimile: (336) 721-3660
> Email: rachel.keen@wbd-us.com
> Email: tyler.radtke@wbd-us.com
>
> *Attorneys for Defendant*

6